UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x

| | |
|---|---|
| ALIX JASMIN | 16-cv-1030 |
| Plaintiff, | **COMPLAINT** |
| -against- | **JURY DEMAND** |
| CITY OF NEW YORK AND POLICE OFFICERS "JOHN DOES #1-6" (the names John Does being fictitious as their true names are presently unknown), | |
| Defendants. | |

---------------------------------------------------x

Plaintiff, by his attorney, Law Office of Philip Akakwam, P.C., complaining of the defendants City of New York and Police Officers "John Does #1-6" (collectively "defendants") upon information and belief alleges as follows:

## INTRODUCTION

1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], and arising under the laws and statutes of the City and State of New York.

2. Plaintiff seeks monetary damages for: the false arrest, false imprisonment and malicious prosecution of Plaintiff and otherwise, for the violation of his federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction. Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

5. Venue is proper in this district under 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff, a black male, is a resident of the City of New York, County of Kings and State of New York.

7. Defendant, City of New York (City) is a municipal entity existing under the laws and Constitution of the State of New York and was the public employer of the defendant police officers through its Police Department - New York City Police Department- and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

8. Upon information and belief, Police Officers "John Does #1-6" were police officers employed by Defendant City of New York.

9. Plaintiff is suing the defendant officers in their individual and official capacities.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. On or about August 20, 2014, at approximately 6:00 a.m., plaintiff was inside his house located at 4811 Avenue M, Brooklyn, New York when more than six police officers broke

down the doors of his house and barged into plaintiff's apartment with their guns drawn.

11. While plaintiff was sleeping in his bedroom on the second floor of his house, the police officers entered the house through the basement by breaking down the door to the basement. They conducted a search of the basement by breaking furniture, electronics and walls in the basement. They did not find anything illegal.

12. After searching the basement, officers proceeded to the first floor of the house where they also conducted a search by destroying furniture, electronics, carpets and walls therein.

13. Then the officers proceeded to the second floor where plaintiff was sleeping in his bedroom. The officers broke down the door to plaintiff's bedroom.

14. Plaintiff woke up and saw officers pointing guns at him inside his bedroom. Plaintiff asked them what was going on and why they were in his house.

15. The officers told plaintiff that they were looking for guns and for Rick Jasmin. Plaintiff told them that he did not have any guns in the house or elsewhere and that his son Rick Jasmin was not home.

16. The defendant officers searched plaintiff's bedroom and the second floor of the house. They broke furniture and electronics but they did not find any guns or other illegal items.

17. Notwithstanding that the officers found nothing illegal, they told plaintiff that they will take him to the police station.

18. Plaintiff told them that he has never owned or kept a gun in the house and that they had no reason to arrest him since they did not find any guns with him. The officers told him that they really had nothing on him but they would still take him to the precinct for questioning because they did not find his son Rick.

19. The defendant officers arrested plaintiff inside his house, searched and handcuffed him and thereafter transported him to the precinct.

20. At the precinct, plaintiff was fingerprinted, photographed and thrown into a cell.

21. Plaintiff was detained in a cell at the precinct for many hours before he was given a Desk Appearance Ticket (DAT) and released.

22. Plaintiff was charged with criminal possession of a weapon. He went to court a few times to defend the false charges brought against him.

23. On January 23, 2015, all the criminal charges brought against plaintiff were dismissed on the motion of the District Attorney.

24. Plaintiff suffered injury to his wrists. And plaintiff suffered and continues to suffer emotional distress, humiliation, fear, embarrassment, shock, loss of liberty, psychological trauma, pain, and damage to reputation as a consequence of the defendants' unlawful conduct alleged herein.

25. Plaintiff also suffered extensive damage to his house and household property including furniture and electronics.

26. Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

27. Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

28. Plaintiff has no other adequate remedy at law but for this action.

## AND AS FOR A FIRST CAUSE OF ACTION:
## 42 U.S.C. § 1983 - FALSE ARREST AND IMPRISONMENT

29. Plaintiff reiterates paragraphs 1 through 28 and incorporates such by reference herein.

30. By their conduct and under color of law, defendant officers deprived plaintiff of his constitutional right to be free from false arrest and false imprisonment.

31. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## AND AS FOR A SECOND CAUSE OF ACTION:
## 42 U.S.C. § 1983 - CONSPIRACY

32. Plaintiff reiterates paragraphs 1 through 31 and incorporates such by reference herein.

33. Defendant officers acting under color of law, conspired with one another to deprive plaintiff of his constitutional rights, including the rights: to be free from false arrest and false imprisonment.

34. In furtherance of the conspiracy and in order to cover up their illegal conduct, defendants fabricated and contrived false criminal charges against plaintiff.

35. Defendant officers submitted false police reports and statements to support and corroborate the fabricated charges lodged against plaintiff.

36. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damage herein before stated.

## AND AS FOR A THIRD CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

37. Plaintiff reiterates paragraphs 1 through 36 and incorporates such by reference herein.

38. The foregoing violations of plaintiff's federal constitutional rights and resultant injuries were directly and proximately caused by conduct, chargeable to defendant City, amounting to deliberate indifference to the constitutional rights of persons, including Plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

39. The defendant City, through its police department, the NYPD, has developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of plaintiff's rights.

40. It was the policy and/or custom of the City to undertake inadequate and improper investigations of civilian complaints of police misconduct and to punish inadequately officers involved in complaints which were substantiated.

41. Both Internal Affairs Bureau (IAB) and the Civilian Complaints Review Board (CCRB) have substantially failed in their responsibilities to investigate misconduct and to discipline transgressors. The IAB investigations of brutality rarely lead to any administrative trials and, in the rare instances that charges are sustained administratively, the punishment is minimal, lacking any deterrent effect.

42. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in some illicit activities.

43. The aforesaid deliberate or *de facto* policies, procedures, regulations, practices and/or customs were implemented or tolerated by policymaking officials for defendant City including

but not limited to, the New York City Police Commissioner, who knew or should have known that such policies, procedures, regulations, practices and/or customs concern issues that regularly arise in the investigation and prosecution of criminal cases.

44. Defendant City failed to provide proper training and/or failed to insure that the training provided was adequately understood in regard to the following tasks which police officers commonly perform:

    (a)    The determination of probable cause to make an arrest;

    (b)    The duty to take into account the totality of the circumstances in determining the existence of probable cause to make an arrest;

    (c)    The circumstances under which investigative detentions may lawfully occur and the manner in which they may lawfully be executed;

    (d)    The very limited circumstances under which a warrantless search may be carried out.

45. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when there is probable cause for such arrest.

46. The policymaking officials at NYPD know or ought to have known that such issues

that regularly arise in the investigation and prosecution of criminal cases either present police employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of police employees mishandling such situations and making the wrong choice.

47. The aforementioned policymaking officials knew that the wrong choice by police officers concerning determination of probable cause will frequently cause the deprivation of the constitutional rights of criminal suspects or defendants and cause them constitutional injury.

48. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Southern District of New York observed that the City of New York had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling. And in *Ligon v. City of New York*, 12 Civ. 2274, 2013 U.S. Dist. LEXIS 22383, at *9-*10 (S.D.N.Y. Feb. 14, 2013), the Court determined that the City of New York, acting through the NYPD, engages in illegal and unreasonable stop, frisk, search and seizure.

49. Recently, a jury determined that officers of the NYPD are permitted, as a policy and/or practice, to fill their arrest quotas by making unlawful arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

50 As a result of inadequate training of police officers on the practical meaning of probable cause for arrest, officers frequently detain and/or arrest citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause.

51. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

52. Prior to and at the time of the incident alleged herein, the defendant City was aware of the need for more or different training, rules, regulations, investigation and discipline relating to police officers engaged in racial profiling, and was deliberately indifferent to that need.

53. As a direct and proximate result of the City's policies and deliberate indifference, defendants violated plaintiff's constitutional rights causing plaintiff to suffer substantial damages.

## AND AS FOR A FOURTH CAUSE OF ACTION
**(Negligent Hiring, Training and Supervision Under State Law; Defendant City)**

54. Plaintiff reiterates paragraphs 1 through 53 and incorporates such by reference herein.

55. By virtue of the foregoing, defendant City of New York is liable to plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants and/or employees employed by the NYPD with regard to their aforementioned duties.

56. As a direct and proximate result of the acts and omissions of the defendants described in this Complaint, plaintiff suffered a significant loss of his liberty and violation of his federal constitutional rights, was prevented from attending to his necessary affairs and suffered and continues to suffer significant emotional pain, distress, humiliation and embarrassment.

## AND AS FOR AN FIFTH CAUSE OF ACTION: MALICIOUS PROSECUTION

57. Plaintiff reiterates paragraphs 1 through 56 and incorporates such by reference herein.

58. Plaintiff was subjected to malicious prosecution and malicious abuse of the criminal process in violation of his right under the Fifth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

59. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damage herein before stated.

### AND AS FOR A SIXTH CAUSE OF ACTION - PROPERTY DAMAGE

60. Plaintiff reiterates paragraphs 1 through 59 and incorporates such by reference herein.

61. The defendants destroyed various household property and belongings of plaintiff.

62. As a result of the acts of defendants described above, plaintiff suffered property damage herein before stated.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i. For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii. For punitive damages against the individual defendants in an amount to be determined at trial;

iii. For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv. For pre-judgment interest as allowed by law; and

v. For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
      March 1, 2016

                                          LAW OFFICE OF PHILIP AKAKWAM, P.C.

                                          By:       /s/
                                                     Philip Akakwam, Esq.
                                                     Attorneys for the Plaintiff
                                                     303 Livingston Street, 2nd Floor
                                                     Brooklyn, N.Y. 11217
                                                     (718) 858-2488

16-cv-1030

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALIX JASMIN

        Plaintiff

 -against-

CITY OF NEW YORK AND
POLICE OFFICERS "JOHN DOES #1-6"
(the names John Does being fictitious as their
true names are presently unknown)

        Defendants.

# COMPLAINT

LAW OFFICES OF PHILIP AKAKWAM, P.C.
Attorneys for Plaintiff
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

TO:

Service of a copy of the within is hereby admitted.

Dated:

_____